IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 HEALTH AND WELFARE FUND, *et al.* | : CIVIL ACTION |
|---|---|
| v. | : NO. 18-3480 |
| SERVICE PAINTING, INC., *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                 **November 13, 2018**

Congress requires we automatically stay cases against entities seeking bankruptcy protection until the bankruptcy court lifts the automatic stay or dismisses the bankruptcy. The automatic stay applies only to actions against the bankruptcy debtor. We do not stay actions against co-defendants unless they can show two limited exceptions involving a substantial identity of interests between the bankrupt entity and the remaining defendant(s) or extending the stay to the remaining defendant(s) is essential to reorganizing the bankrupt entity. Absent these showings from the remaining defendant(s), we will proceed against them. As today's remaining defendant offers no basis for an exception to this rule, we grant the motion to re-open this case and proceed against the remaining defendant.

### I.    Background

International Union of Painters and Allied Trades District Council No. 21 Health and Welfare Fund, collectively with other funds (the "Funds"), sued Service Painting, Inc. for violating the Employee Retirement Income Security Act (ERISA), and its president Nick Garavelas for breaches of fiduciary duties allegedly owed to the Funds under ERISA and for conversion under

state law.[1]  After Service Painting and Mr. Garavelas did not answer, we entered default judgment for the Funds on September 25, 2018.[2]

While the Funds prepared proofs relating to the amount of damages Service Painting and Mr. Garavelas owed them, Service Painting filed a Suggestion of Bankruptcy.[3]  Service Painting suggested an automatic stay of the action under 11 U.S.C. § 362(a).[4]  We placed the case in suspense on October 16, 2018.[5]  The Funds move to reopen the case against Mr. Garavelas on October 26, 2018.[6]  Mr. Garavelas did not respond to the motion.

**II.    Analysis**

The Funds argue we should disaggregate its claims against Mr. Garavelas and allow them to proceed because the automatic stay provision reaches only "debtors." We agree with the Funds.

A petition for bankruptcy "operates as a stay, applicable to all entities, of the commencement or continuation of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case."[7] "Although the scope of the automatic stay is broad, the clear language of [§] 362(a) stays actions only against a debtor."[8]  "As a consequence, [i]t is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor."[9]  Likewise, "an action or proceeding stayed as to the debtor under § 362(a)(1) is not stayed as to its co-defendants."[10]  "[T]he automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor."[11]

Nonetheless, our Court of Appeals instructs "some courts have liberalized this general rule in certain 'unusual circumstances.' "[12]  Our Court of Appeals has "observed, without explicitly adopting,"[13] two such circumstances: "[1] where 'there is such identity between the debtor and the

2

third-party that the debtor may be said to be the real party in interest and that a judgment against the defendant will in effect be a judgment or finding against the debtor'; . . . [2] where 'stay protection is essential to the debtor's efforts of reorganization.' "[14]

Mr. Garavelas presents no evidence of either exception. As to the first exception, we have no evidence Mr. Garavelas shares the required level of "identity" with Service Painting. Only Service Painting filed for bankruptcy. While Mr. Garavelas served as Service Painting's president, oversaw its payroll,[15] and exercised "full control" over its assets,[16] a "similar factual or legal nexus with the debtor" is not enough to extend the stay to a non-debtor.[17] As to the second exception, we simply have no evidence regarding Service Painting's "efforts of reorganization." Mr. Garavelas also failed to show "unusual circumstances" justifying extending the stay to him. Absent this proof, we reopen the case to proceed towards a damages hearing against Mr. Garavelas.

## III. Conclusion

The automatic stay does not reach Mr. Garavelas, a non-debtor. We uphold the stay as to the ERISA claim against debtor Service Painting, but we reopen the action as to the damages hearing against non-debtor Mr. Garavelas.

---

[1] ECF Doc. No. 1.

[2] ECF Doc. No. 4.

[3] ECF Doc. No. 12.

[4] *Id.*

[5] ECF Doc. No. 13.

[6] ECF Doc. No. 14-1.

3

[7] 11 U.S.C. § 362(a).

[8] *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 509 (3d Cir. 1997) (internal quotation omitted).

[9] *Id.* at 509–10 (alterations in original) (internal quotations omitted).

[10] *In re Aldan Indus., Inc.*, No. 00-10360DWS, 2000 WL 357719, at *3 (Bankr. E.D. Pa. Apr. 3, 2000).

[11] *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991).

[12] *Stanford v. Foamex L.P.*, No. 07-4225, 2009 WL 1033607, at *1 (E.D. Pa. Apr. 15, 2009) (citing *McCartney*, 106 F.3d at 510).

[13] *Id.*

[14] *Id.* (citing *McCartney*, 106 F.3d at 510).

[15] ECF Doc. No. 1 at ¶ 9.

[16] ECF Doc. No. 1 at ¶ 31.

[17] *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991).